## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement is entered by and among **LOURDES TORRES** (hereinafter, "**TORRES**"), **LA PROVENCE FRENCH BAKERY-WHOLESALE, LLC.** (hereinafter, "**LA PROVENCE**") and **PATRICK GILARSKI**, (hereinafter "**GILARSKI**") individually with its principle office located at 2106 NW 13th Avenue, Miami, Florida 33142. **LA PROVENCE FRENCH BAKERY-WHOLESALE, LLC.** shall at all times include **LA PROVENCE, INC., LA PROVENCE FRENCH BAKERY AND CAFÉ, LLC, LA PROVENCE SOUTH BEACH, LLC,** and any and all related parent institutions, general partners, subsidiaries, joint ventures, affiliated institutions, or entities controlled, managed or owned, in whole or in part, as well as their respective current and former directors, officers, general partners, employees, successors in interest, attorneys, representatives and agents, both in their representative and individual capacities, which specifically includes **PATRICK GILARSKI** individually.

IN CONSIDERATION of all mutual promises contained herein, it is agreed by and among **TORRES, LA PROVENCE** and **GILARSKI** as follows:

1. **TORRES** was employed by **LA PROVENCE** as a Packer, from approximately November 9, 2009 to April 25, 2016.

2. **TORRES** filed a Complaint in the United States District Court, Southern District of Florida, styled: *LOURDES TORRES v. LA PROVENCE FRENCH BAKERY-*

| _L T_ | | |
|---|---|---|
| TORRES | GILARSKI | LA PROVENCE |

1

*WHOLESALE, LLC*, and *PATRICK GILARSKI*, Case Number 16-cv-23906-CMA (hereinafter, the "lawsuit") in which **TORRES** alleged that **LA PROVENCE** and **GILARSKI** failed to pay her proper wages and retaliated against her by terminating her employment with **LA PROVENCE** in violation of Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA").

3. **TORRES, LA PROVENCE** and **GILARSKI** are desirous of avoiding the uncertainties and expense of continuing litigation in the above referenced lawsuit.

4. After the Court issues a Final Order of Dismissal With Prejudice in the lawsuit, and subject to **TORRES** signing this Settlement Agreement and Release and the payment schedule below, **LA PROVENCE** will provide to **TORRES'** attorneys, Remer & Georges-Pierre, PLLC., a total settlement amount of Fourteen Thousand Eight Hundred and XX/100 Dollars ($14,800.00), to be allocated in 3 sets of payments as detailed below (the "allocated payments") as follows: (a) payment in the gross amount of $4,058.00, less Social Security Tax, Medicare Tax and Federal Tax Withholding Tax (at 15%) for a net amount of $3,138.86, to **"LOURDES TORRES"** which represents all damages, whether overtime pay, and/or minimum wages; (b) payment in the amount of $4,058.00, to **"LOURDES TORRES"** which represents all "liquidated damages;" and (c) payment in the amount of $6,684.00 to **"REMER & GEORGES-PIERRE, PLLC"** for all attorneys' fees and all costs incurred in the lawsuit referenced in paragraph 2. **TORRES** agrees that in the event any taxes are due on the amount paid to her, she will be solely responsible for any such tax payment and shall fully indemnify **LA PROVENCE** and **GILARSKI** from payment of any such taxes, including but not limited

_____   _____   _____
TORRES                                            GILARSKI                                         LA PROVENCE

2

to employer's Social Security and Medicare taxes, and any Federal income tax withholding. All payments set forth shall be provided to the law firm of Remer and Georges-Pierre, PLLC. The payment schedule from **LA PROVENCE** and **GILARSKI** shall be as follows: the first payment of 3 checks constituting one-third of each "allocated payment amount" set out above shall be provided within 14 days of the date the Court enters the Final Order of Dismissal, the second payment of 3 checks constituting one-third of each "allocated payment amount" set out above shall be provided within 28 days of the date the Court enters the Final Order of Dismissal, and the first payment of 3 checks constituting one-third of each "allocated payment amount" set out above shall be provided within 42 days of the date the Court enters the Final Order of Dismissal.

5. **TORRES** expressly waives any right or claim whatsoever to reinstatement or re-employment with **LA PROVENCE,** and agrees not to seek employment with **LA PROVENCE** in the future.

6. By entering into this Agreement, **LA PROVENCE** and **GILARSKI** are not admitting any liability for **TORRES'** claims of violations of the FLSA or any other liability to **TORRES** in any respect, and **LA PROVENCE** and **GILARSKI** expressly deny any liability to **TORRES** arising out of or in any way related to her employment with **LA PROVENCE.**

7. **TORRES** agrees and understands the filing of the Joint Motion for Approval of Settlement and Dismissal with Prejudice and receipt of the Court's Final Order of

| TORRES | GILARSKI | LA PROVENCE |

Dismissal with Prejudice of her lawsuit is required for this Agreement to become effective.

8. In consideration for and as a condition of payment by **LA PROVENCE** as specified in paragraph 4 of this Agreement, **TORRES** agrees she is authorizing her attorney to enter into a Joint Motion for Approval of Settlement and Dismissal with Prejudice of the lawsuit brought against **LA PROVENCE** and **GILARSKI** and submit to the Court a proposed Final Order of Dismissal with Prejudice and, further, agrees she shall be solely and exclusively responsible for payment of her attorneys' fees and costs regarding the lawsuit, except as provided herein.

9. In exchange for the consideration specified in paragraph 4 from **LA PROVENCE** to which **TORRES** would not otherwise be entitled, **TORRES** releases and discharges **LA PROVENCE** and **GILARSKI** from any and all action, causes of actions, claims or costs of whatever nature (including attorneys' fees), at law or in equity or in arbitration, whether known or unknown, from the beginning of time through the date of this Agreement related to in any way or arising from her employment with **LA PROVENCE** and **GILARSKI**. This release includes, but is not limited to, any and all claims or lawsuits arising under:

        A. The Fair Labor Standards Act of 1938;

        B. The Florida Minimum Wage Act;

        C. The Florida Civil Rights Act of 1992;

        D. Title VII of the Civil Rights Act of 1964;

_____          _____          _____
TORRES                                      GILARSKI                               LA PROVENCE

E. The Miami-Dade County Human Rights Ordinance;

F. The Civil Rights Act of 1991;

G. The Florida Private Sector Whistleblower Act;

H. The Americans with Disabilities Act of 1992;

I. The Occupational Safety and Health Act of 1970;

J. Section 440.205, Florida Workers' Compensation Law, and any amendments to any of the foregoing statutes; and

K. Any other Federal or State statute, or any other local ordinance, or common law cause of action, including, but not limited to claims for whistleblower, retaliatory discharge, breach of contract, fraud in the inducement, wrongful discharge, battery, invasion of privacy, personal injury or negligence or for unpaid wages, overtime pay, any benefits, any compensation in any form, or reimbursement for work related expenses.

The foregoing examples are meant to be illustrative rather than all inclusive and specifically includes all claims brought in the case styled: *LOURDES TORRES v. LA PROVENCE FRENCH BAKERY-WHOLESALE, LLC., and PATRICK GILARSKI, Individually,* Case Number 16-cv-23906-CMA filed in the United States District Court, Southern District of Florida.

10. By entering into this Release, **TORRES** understands that this Release precludes her from recovering any relief as a result of any charge, lawsuit or proceeding brought by her or on her behalf by any administrative agency, group or individual(s) arising out of her employment with **LA PROVENCE,** and specially includes a release for any claim

| _____ | _____ | _____ |
| TORRES | GILARSKI | LA PROVENCE |

5

of a violation of Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA"), including any claims of retaliation under such statutes against **LA PROVENCE** and **GILARSKI**.

11. This Release does not waive any rights or claims which may arise after **TORRES, LA PROVENCE** and **GILARSKI** sign this Release, other than specifically set forth.

12. In exchange for **TORRES** entering into this Agreement and the Joint Motion for Approval of Settlement and Dismissal with Prejudice of the lawsuit, **LA PROVENCE** and **GILARSKI** release and discharge **TORRES** from any and all action, causes of actions, claims or costs of whatever nature (including attorneys' fees) at law or in the equity or in arbitration, whether known or unknown, from the beginning of time through the date of this Agreement.

13. **TORRES, LA PROVENCE** and **GILARSKI** agree that each will refrain from making any disparaging or derogatory comments about each other through any means (including, but not limited to, e-mail, telephone, in person discussions, internet postings, social media, facsimile, written letters, and the like), including, for the corporate Defendant, its parent, subsidiaries, affiliates, and each of their past and present agents, employees, representatives, owners, officers, directors, shareholders, or attorneys. **TORRES, LA PROVENCE** and **GILARSKI** acknowledge that if any Party breaches this non-disparagement provision, the damages incurred by the injured Party are incapable of measurement and adequate remedy. Therefore, the Parties further agrees that if it is proven that a Party breached this non-disparagement provision, the offending Party will be liable to pay the injured Party(ies) liquidated damages in the amount of Five Hundred

_____        _____        _____
TORRES                               GILARSKI                             LA PROVENCE

Dollars ($500.00) for each incident. The Parties further agree that such damages are not intended to be, and shall not be construed as, a penalty.

14. This Agreement is binding upon **TORRES**, her heirs, administrators, representatives, executors, successors and assigns.

15. If any provision of this Agreement or any part of any provision of this Agreement is found to be invalid by a court of competent jurisdiction, such shall not affect the validity of any other provision or part of this Agreement. Waiver of any breach of this Agreement shall not be construed to be a waiver of any subsequent breach by such party.

16. **LA PROVENCE, GILARSKI** and **TORRES** agree this Agreement cannot be modified except by a writing executed by **LA PROVENCE, GILARSKI,** and **TORRES**.

17. **TORRES** agrees that she will not publicize this Agreement, any discussions leading to this Agreement with the parties and/or attorneys of the Parties, or any of the terms or conditions of this Agreement except to advise that this matter has been settled to her satisfaction. **TORRES** may disclose and discuss this Agreement with her spouse, attorney or accountant, and further **TORRES** may provide a copy of this Agreement if this Agreement is subpoenaed by a Party or ordered to be produced by a Court. In the event that **TORRES** discloses any discussions leading to this Agreement with the Parties and/or the attorneys of the Parties, or any terms or conditions of this Agreement to her spouse, attorney or accountant, it shall be **TORRES's** duty, responsibility and obligation to advise those persons not to publicize this Agreement or its terms or

_____    _____    _____
TORRES                                     GILARSKI                                 LA PROVENCE

conditions with anyone else, except to advise this matter has been resolved to **TORRES's** satisfaction.

18. In the event of litigation between the parties concerning this Agreement, the prevailing party shall be awarded all costs, including reasonable attorneys' fees incurred by the prevailing party in such litigation, which specifically includes any and all appeals.

19. **TORRES** acknowledges she has consulted with an attorney of her choosing prior to signing this Release.

20. **TORRES** agrees that she is entering into this Agreement and Release voluntarily without any duress, undue influence or coercion.

21. **TORRES, LA PROVENCE** and **GILARSKI** agree that this Agreement constitutes their final and complete Agreement with respect to the subject matter herein and supersedes all prior or contemporaneous negotiations or agreements (written or oral) related to the subject matter of this Agreement. **TORRES, LA PROVENCE** and **GILARSKI** further agree that this Agreement is not effective until signed by all parties, and shall not form the basis of any other alleged agreement or be used in any way against any party in the event it is not signed by both parties.

22. **TORRES** acknowledges that she has carefully read and that she fully understands each paragraph of this Agreement, including the release of claims; <u>that this Agreement has been translated into Spanish by her attorneys and/or representatives so that **TORRES** understands the complete language and terms of this Agreement</u>; that this Agreement is the result of negotiations between the parties; that she has had

| _/_ | | |
|---|---|---|
| TORRES | GILARSKI | LA PROVENCE |

8

sufficient time to consider the provisions of this Agreement and has consulted with an attorney of her choosing prior to executing this Settlement Agreement and Release.

**[THIS SECTION INTENTIONALLY LEFT BLANK]**

_____          _____          _____
TORRES                                    GILARSKI                              LA PROVENCE

9

**IN WITNESS THEREOF, LOURDES TORRES, LA PROVENCE FRENCH BAKERY-WHOLESALE, LLC.,** and **PATRICK GILARSKI,** individually have executed this Settlement Agreement and Release.

LOURDES TORRES

BY: _[signature]_

DATE: 1-30-17

SWORN TO AND SUBSCRIBED before me this 30th day of January, 2017.

_[signature]_
NOTARY PUBLIC, State of Florida

Personally known _____ OR Produced Identification
FD#T620-539-72-914-1 Type of Identification

My Commission Expires:_____

Naomie Gaston
Commission # FF072321
Expires: Nov. 21, 2017
WWW.AARONNOTARY.com

LA PROVENCE FRENCH BAKERY-WHOLESALE, LLC

BY: _____

BY: _____
TITLE: Manager

DATE: _____

SWORN TO AND SUBSCRIBED before me this _____ day of January, 2017.

_____
NOTARY PUBLIC, State of Florida

Personally known _____ OR Produced Identification
_____ Type of Identification

My Commission Expires:_____

PATRICK GILARSKI

DATE: _____

SWORN TO AND SUBSCRIBED before me this _____ day of January, 2017.

_____
NOTARY PUBLIC, State of Florida

Personally known _____ OR Produced Identification
_____ Type of Identification

My Commission Expires:_____